IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GIOVWANNO BURNETT,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION FILE NO.** |
| : | **1:15-cv-01485-TWT-AJB** |
| **FLOWERS FOODS, INC.** : | |
| *doing business as* : | |
| **Bailey Street Bakery, LLC** : | |
| : | |
| **Defendant.** : | |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND NON-FINAL REPORT AND RECOMMENDATION

Presently before the Court is Defendant Flowers Foods, Inc.'s motion to dismiss certain damages sought by Plaintiff. [Doc. 5]. For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **DENIED** as **MOOT**.

This action was commenced by complaint on May 1, 2015. [Doc. 1]. On May 28, 2015, Defendant filed its motion to dismiss. [Doc. 5]. On June 19, 2015, prior to the filing of a response by Plaintiff, Defendant filed a notice consenting to Plaintiff's amending the complaint to correct the deficiencies addressed in Defendant's motion to dismiss. [Doc. 9].

AO 72A
(Rev.8/8
2)

As Defendant indicates that Plaintiff's amended complaint is forthcoming, Plaintiff's amended complaint will supercede the original complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). Further, the amended complaint will render moot the motion to dismiss because that motion seeks to dismiss a pleading that will have been superseded. *See Renal Treatment Ctrs.–Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 608CV87, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.*, No. 8:07-CV-2143-T-30TBM, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) (concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); *Mizzaro v.*

AO 72A
(Rev.8/82)

*Home Depot, Inc.*, No. Civ. A. 1:06-CV-11510, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint). Defendant acknowledges that the agreement for Plaintiff to file an amended complaint renders the motion to dismiss moot. [Doc. 9 at 1-2].

Because the pending motion to dismiss seeks to dismiss a pleading that will be superseded by the amended complaint, the undersigned **RECOMMENDS**[1] to the District Judge that he **DENY** the motion **AS MOOT**. [Doc. 5].

Plaintiff shall file a amended complaint within **fourteen (14) days** of the date of this Report and Recommendation and Order.

**IT IS SO RECOMMENDED and DIRECTED**, this 23rd day of June, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the parties have agreed that Plaintiff shall file an amended complaint and, further, the filing of the amendment would render moot Defendant's motion, the undersigned is not authorized to enter an order on a dispositive motion, and thus must issue this R&R for the District Judge's consideration. 28 U.S.C. § 636(b)(1); *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

AO 72A
(Rev.8/82)